UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN SOTO,<br><br>    Plaintiff,<br><br>  v.<br><br>JANO MATTEO, Kern County Public Defender,<br><br>    Defendant. | No.: 1:20-cv-0587 -NONE -JLT<br><br>ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION WITHOUT PREJUDICE FOR LACK OF JURISDICTION<br><br>(Doc. No. 3) |

  Plaintiff Nathan Soto initiated this action by filing a motion to proceed *in forma pauperis* and a complaint for violations of his civil rights against Jano Matteo, the public defender appointed to represent plaintiff in criminal proceedings pending against him in the Kern County Superior Court. (Doc. Nos. 1, 2.)  The magistrate judge found that plaintiff is unable to state a claim upon which relief may be granted because his claims are intertwined with the ongoing state criminal proceedings and are barred by the *Younger* abstention doctrine.  Therefore, the magistrate judge recommended the complaint be dismissed without prejudice due to lack of jurisdiction in this court.  (Doc. No. 3)

  Plaintiff was given fourteen days to file any objections to the findings and recommendations. (Doc. No. 3 at 6)  On May 11, 2020, Plaintiff filed timely objections, asserting his civil rights have been violated and he "want[s] to sue Jano Matteo and the Public Defen[d]er's Office for monetary compensation" (Doc. 4 No. at 1)  Importantly, however, plaintiff does not address in his objections the matter of the court's jurisdiction or the *Younger* abstention doctrine.  (*See id.*)

1

As the magistrate judge observed, federal courts are required to abstain from interfering on ongoing state criminal matters. *Younger v. Harris*, 401 U.S. 37, 43–45 (1971). This doctrine applies if:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008). As the magistrate judge indicated, each of these requirements is satisfied in this action: the state criminal proceedings are ongoing; those proceedings implicate important state interests; plaintiff can raise the issue of his counsel's effectiveness in the criminal court; and allowing this case to proceed in federal court would threaten the autonomy of the state court. Therefore, *Younger* abstention applies, and this court lacks jurisdiction over the action.[1]

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court conducted a de novo review of the case. Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis. Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations dated May 5, 2020 (Doc. No. 3) are **ADOPTED IN FULL**;
2. The complaint is **DISMISSED** without prejudice; and
3. The Clerk of Court is **DIRECTED** assign a district judge to this case for purpose of termination and to close the action.

IT IS SO ORDERED.

Dated:  **June 2, 2020**

_____
UNITED STATES DISTRICT JUDGE

---

[1] Even if this action were not barred by *Younger* abstention in light of the ongoing criminal prosecution against plaintiff in state court, his civil rights claim against his public defender would not be cognizable because public defenders do not act under color of state law. *See Miranda v. Clark Cty. of Nev.*, 319 F.3d 465, 468 (9th Cir. 2003) (affirming dismissal of complaint because public defender was not acting on behalf of county for purpose of § 1983 in representing plaintiff's interests).